UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JERROLD R. BLACK,

                                               **COMPLAINT**

                      Plaintiff,

        - against -                                ECF CASE

PITNEY BOWES, INC., PITNEY BOWES, INC.
LONG-TERM DISABILITY PLAN and
EMPLOYEE BENEFITS COMMITTEE OF
PITNEY BOWES, INC.,

                      Defendant.
-----------------------------------------------------------------x

        Plaintiff, JERROLD R. BLACK, by his attorneys, McCormick Dunne & Foley, as and for a complaint against the above-captioned defendants, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, *et seq*., and specifically 29 U.S.C. 1132 (a)(1)(B) and § 1133.

2. Jurisdiction is vested in this Court pursuant to 28 U.S.C. 1331 and 29 U.S.C. 1132(e)(1) and (f).

3. Venue is proper pursuant to 29 U.S.C. 1132(e)(2), in that this action is brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found or where the plaintiff worked and earned his employee benefits.

## THE PARTIES

4. At all times relevant to this action plaintiff, JERROLD R. BLACK ("BLACK"), was and is a natural person residing within the City and State of New York and an employee of PITNEY BOWES, Inc., entitled to its employee benefits.

5. At all times relevant to this action, defendant PITNEY BOWES, INC., ("PITNEY BOWES") was and is a foreign or domestic corporation authorized to do business in the State of New York, and with business offices at 90 Park Avenue, New York, New York 10016, which provided employee benefits, including disability benefits, for its employees.

6. Upon information and belief, at all times hereinafter mentioned, defendant, PITNEY BOWES, INC. LONG-TERM DISABILITY PLAN (the "PLAN"), was and is an "employee welfare benefit plan" and a "welfare plan," as defined by 29 U.S.C. 1002(1), and an "employee benefit plan" and a "plan," as defined by 29 U.S.C. 1002(3) which provided disability benefits to Pitney Bowes, Inc., employees such as plaintiff.

7. Upon information and belief, at all times hereinafter mentioned, EMPLOYEE BENEFITS COMMITTEE OF PITNEY BOWES, INC. ("EBC"), was and is the "Plan Administrator" of the PLAN, as defined by 29 U.S.C. 1002(16)(A).

## PRIOR PROCEEDINGS

8. BLACK, repeats and reiterates each and every allegation contained in paragraphs "1" through "7" as if fully set forth at length herein.

9. At all times hereinafter mentioned, BLACK, was a participant in an employee benefit PLAN available to employees of PITNEY BOWES.

10. At all times hereinafter mentioned, part of the benefits provided by said PLAN were long-term disability benefits LTD.

11. That in or about October of 2003, while said policy was in full force and effect, BLACK, became disabled within the meaning of said PLAN.

12.     That thereafter, timely Notice of Claim and Proof of Loss were submitted by the plaintiff to the defendants.

13.     That said claim for benefits was denied by the Corporate Disability Benefit Department (hereinafter the "Claims Department") by letter dated January 25, 2005 which advised plaintiff of his right to take an ERISA Appeal from this DETERMINATION (hereinafter the "JANUARY 25, 2005 DETERMINATION") denying disability benefits.

14.     That an Appeal was timely taken on June 21, 2005 and thereafter, in an untimely manner, on August 10, 2005, although the Appeal was already "deemed denied", an Appeal Denial was tendered.

15.     That BLACK has exhausted his administrative remedies and has timely commenced this litigation.

## AS AND FOR A FIRST STATEMENT OF CLAIM

16.     BLACK, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" as if fully set forth at length herein.

17.     That pursuant to 29 U.S.C. 1001 *et seq*. and 29 C.F.R. § 2560.503 *et seq*., BLACK was entitled to receive all relevant Plan documents together with all amendments to said Plan, including but not limited to, any Annual or Actuarial Reports.

18.     That, upon information and belief, the defendants have withheld some of said relevant data and BLACK is entitled to receive from the defendants the sum of $110.00 per day and continuing until all such date is produced, together with other and further damages and directives to be ordered by this Court.

## AS AND FOR A SECOND STATEMENT OF CLAIM

19. BLACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" as though fully set forth at length herein.

20. That pursuant to 29 C.F.R. § 2560.503-1(h)(2)(iii) and 29 C.F.R. § 2560.503-1(m)(8), BLACK was entitled to receive all of the information "submitted, considered or generated in the course of making the benefit determination"…"without regard to whether such document, record, or other information was relied upon in making the benefit determination…."

21. That the above noted documentation was requested of the defendants and such information was not provided to BLACK's attorneys based in part on a claim of privilege asserted by a third-party in violation of the law with regard to privilege and in violation of the defendants' non-delegable duty with respect to fiduciary duties.

22. That the defendants continue to wrongfully withhold said information "submitted, considered or generated" in connection with the said benefit determination and that BLACK is entitled to receive from the defendants the sum of $110.00 per day and continuing until all such documents are produced, together with other and further damages and directives to be ordered by this Court.

## AS AND FOR A THIRD STATEMENT OF CLAIM

23. BLACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" as though fully set forth at length herein.

24. That the defendants have failed to establish that they had at the relevant time frame for the instant claim a relevant, separate and distinct written document, manual or written directive establishing ERISA procedures including the procedures mandated by 29 U.S.C. §1133.

25. That said violation of ERISA entitles plaintiff to a remand of this claim for further review and/or an award of disability benefits.

### AS AND FOR A FOURTH STATEMENT OF CLAIM

26. BLACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" as though fully set forth at length herein.

27. That the defendants, in denying the BLACK claim and in denying BLACK's Appeal from the denial of benefits, failed to properly set forth the reasons for such denial in a manner calculated to be understood by the plaintiff and failed to provide a reasonable opportunity for a "full and fair" review by an appropriate named fiduciary as required by 29 U.S.C. § 1333.

28. That said violation of ERISA entitles plaintiff to a remand of this claim for further remand review and/or an award of disability benefits.

### AS AND FOR A FIFTH STATEMENT OF CLAIM

29. BLACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" as though fully set forth at length herein.

30. That in violation of ERISA regulation 29 C.F.R. §2560.5031(h)(3)(ii) during the Appeal process, the defendants did not provide for a review that did not afford deference's to the initial adverse benefit determination indeed heavy reliance on the original adverse determination seems apparent from page one of the Appeal denial letter listing of documents reviewed and the page two concession that they were "thoroughly analyzed and discussed" in arriving at "reasons for the Committee's decision."

31. That said violation of ERISA entitles plaintiff to a remand of this claim for further remand review and/or an award of disability benefits.

### AS AND FOR A SIXTH STATEMENT OF CLAIM

32. BLACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" as though fully set forth at length herein.

33. That pursuant to 29 C.F.R. § 2560.503–1(2)(iii), in deciding an appeal based in whole or in part on a medical judgment, a fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved.

34. That in denying BLACK's Appeal, the defendants failed to consult with an appropriate physician who has special knowledge, training and experience in the field of psychiatry, the field of medicine involved in the instant disability claim.

35. That said violation of ERISA entitles plaintiff to a remand of this claim for further review and/or an award of disability benefits.

### AS AND FOR A SEVENTH STATEMENT OF CLAIM

36. BLACK repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" as though fully set forth at length herein.

37. The decision to deny BLACK's Claim and Appeal for long term disability benefits was erroneous and in violation of BLACK's rights under ERISA.

38. Accordingly, defendants are liable to BLACK for the sum of all long term disability benefits wrongfully withheld form him to date, together with prejudgment interest from the date of termination.

39. Lastly, BLACK is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

WHEREFORE, BLACK demands judgment:

(i) for damages and directives as requested in the FIRST through SEVENTH Causes of Action, together with;

(ii) awarding him the sum of all long term disability benefits wrongfully withheld from him, together with prejudgment interest; along with

(iii) awarding him attorney's fees and costs pursuant to 29 U.S.C. § 11329G0(1); and

(iv) for such other and further relief as to this Court may seem just and proper.

Yours, etc.,

McCORMICK DUNNE & FOLEY

By  /s/
PATRICK F. FOLEY (PF3311)
Attorneys for Plaintiff
61 Broadway - Suite 2100
New York, New York  10006
(212) 363-1300